## HORTON *vs.* MOOT and others.

Where, in an action upon a promissory note, the single question to be tried is,
whether there was a corrupt and an usurious agreement made upon a loan
of money which was the consideration of the note, the *intent* of the parties
is a question of fact; and that question having been found by the jury
against the defendants, upon conflicting evidence, their finding is conclu-
sive; unless some error was committed on the trial, by the judge, in his
rulings, or charge to the jury.

Whether the transaction was a contrivance on the part of the plaintiff, by
which he obtained more than seven per cent for the loan or forbearance of
money; whether it was a fraud upon the statute, or an evasion of the stat-
ute, to cover usury; whether the plaintiff bought the note of the bank at
which it was payable; or whether the bank acted as the agent of the plain-
tiff, in committing the fraud—are not questions of law, independent of the
facts upon which the propositions are based. And if the jury find, cor-
rectly, against the defendants upon them, the court cannot reverse their
findings.

THIS action was on a promissory note dated March 31,
1868, made by the defendants Moot and Ansted, for
the payment of $1500 to the order of the defendant Kil-
ham, at the Oneida Valley National Bank, six months
from date, with use.

The defense was usury—an agreement by the plaintiff
to loan the money to Moot for a bonus of $40.

*F. Kernan*, for the plaintiff.

*B. F. Chapman*, for the defendants.

*By the Court*, POTTER, J.   Each of the parties has a theory upon the law and the facts in this case, and the testimony being conflicting, it was a proper case to submit to the jury, and their finding is conclusive, unless some error was committed on the trial, by the judge, in his rulings, or charge to the jury.   The single question to be tried was, whether there was a corrupt and an usurious agreement made upon the loan of money which was the consideration of the note sued upon.   The intent of the parties was a question of fact, and this question was found by the jury against the defendants.

Upon the defendants' theory, and upon their testimony alone, a jury might have found in their favor.   And so it may be said, also, that upon the plaintiff's theory and testimony alone it was a clear case of his right to recover. The jury having both theories and all the facts before them, have settled all the case, unless the judge mistook the law at the trial.

The appellant, in his brief, assumes his theory of facts, and bases his legal propositions upon them; but here, on review, we cannot consider them.   We must assume his facts to be as the jury have found them, and the very reverse of his propositions.   For instance, " Who loaned the money to the defendant Moot—the plaintiff, or the bank ?"   After verdict, we must assume that it was the bank.   If this is true, it is conclusive against the defendant.   So too, " Was it a contrivance on the part of the plaintiff, by which he obtained more than seven per cent for the loan or forbearance on an advance of money ?" " Was it a fraud upon the statute?   Was the transaction an evasion of the statute, to cover usury ?   Did the plaintiff buy this note of the bank, or did the bank act as the

Horton *v.* Moot.

agent of the plaintiff in committing this fraud?" Surely these are not questions of law, independent of the facts upon which the propositions are based. In all these the findings are against the defendants, and if correctly found, how can this court reverse these findings? The arguments presented to us upon these propositions are useless, unless the rulings of the judge have let in testimony to the jury, or have excluded testimony from their consideration, that might have changed the evidence considered by the jury.

I have examined with some care the rulings of the court on the trial, and have found none of which the defendants can complain. If there were any errors committed, in that respect, I think they are not against the defendants. Nor do I find in the exceptions taken to the charge, or in the refusals to charge, any that have sufficient merit to be held to be errors calling for a reversal of the judgment. Nor am I able to say that the verdict is even against the weight of evidence. We have no sympathy with violators of the law of usury, and do not mean to give countenance to the strategy, cunning or devices employed to evade the statute made in this regard. Such persons are, and should be, indicted as violators of the law. As a question of strict morals, independent of the statute, we are not called upon to give an opinion. If the theory of the defendants is true, the plaintiff attempted to extort, under color of a fraudulent device, $45 from the defendants. This would have been a violation of both law and morals. If the theory found by the jury is true, the defendants are trying, under color of law, to rob the plaintiff of $1500 of his estate. This is a violation of morals; but as we have only to do with the law, and have not the moral keeping of the parties in charge, we shall confine ourselves within the sphere of our duty. We do not see in this case sufficient errors in law to reverse the judgment. We think it should be affirmed.

MILLER, P. J.   The case looks very much like usury, but I am inclined to think it was a question for the jury, whether the arrangement with the bank was for the purpose of evading the usury laws, and concur in the result.

Judgment affirmed.

[THIRD DEPARTMENT, GENERAL TERM, at Binghamton, June 6, 1871. *Miller*, P. J., and *Potter* and *Parker*, Justices.]